# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | | |
|---|---|---|
| AUDIE GROGG, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:15-CV-299-JRG-MCLC |
| STATE OF TENNESSEE, JUDGE JERRY R. BECK, A.D.A. J. PARSONS, D.A. BARRY STAUBUS, BRISTOL TENNESSEE POLICE DEP'T, BRYAN HESS, SGT. MIKE STILLS, and SHERIFF of SULLIVAN COUNTY, TENNESSEE, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This pro se prisoner's civil rights action pursuant to 42 U.S.C. § 1983 was previously dismissed by this Court pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A for the failure to state a claim upon which relief may be granted [Doc. 26 at 6]. Plaintiff then appealed the dismissal of his claims to the Sixth Circuit, which vacated the Court's previous judgment, and remanded Plaintiff's case "for the district court's consideration of the facts that [Plaintiff] was acquitted on the charge underlying his probation violation and that he was reinstated on parole" [Doc. 47 at 4]. For the reasons stated below, Plaintiff's complaint will be **DISMISSED** *sua sponte* for the failure to state a claim upon which relief can be granted under § 1983.

## I. BACKGROUND

In his complaint, Plaintiff challenges the revocation of his probation in July 2014 [Doc. 1 at 4]. The Sixth Circuit summarized the procedural history of Plaintiff's criminal case, stating that

"following his nolo contendere pleas to charges of making a false report, driving under the influence, and failure to appear, [Plaintiff] was sentenced on September 12, 2013 to a total of four years of imprisonment, but was granted probation the same day" [Doc. 47 at 1]. However, in March of 2014, Plaintiff was indicted for the charge of filing a false police report, which constituted a probation violation [*Id.*]. Plaintiff's probation was revoked on July 17, 2014, and Plaintiff was ordered to serve his previously imposed four-year sentence [*Id.*].

Plaintiff's complaint, filed on November 2, 2015, alleges that his probation was "illegally revoked" because several of his constitutional rights were violated during the revocation proceedings and resulting imprisonment [Doc. 1 at 4]. Specifically, Plaintiff claims that the charge was based on a "bogus police report, affidavit of complaint and arrest warrant," he did not receive a preliminary hearing on the violation, was denied his rights to a speedy trial, was not able to testify and call witnesses for his defense, and faced prosecutorial misconduct through the denial and destruction of exculpatory evidence [*Id.*]; *see also* [Doc. 5 at 2]. In his complaint, Plaintiff requests the "reversal of the illegal revocation," an order requiring that he be tried for the probation violation and be provided an expert witness to perform voice analysis, and seeks restitution for the alleged unconstitutional imprisonment for the parole violation [*Id.*].

Shortly after the complaint was filed, as required under the Prison Litigation Reform Act ("PLRA"), the Court reviewed the complaint to determine whether it was frivolous, malicious, failed to state a claim upon which relief can be granted, or sought monetary relief from a defendant immune from such relief [Doc. 26]. *See* 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court held that Plaintiff's requests for retrial and revocation were not cognizable under § 1983, and dismissed these claims without prejudice [*Id.* at 5]. Additionally, the Court held that Plaintiff's request for restitution was not yet ripe, and, further, would be precluded by *Heck v.*

2

*Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that a complaint seeking damages for an alleged unconstitutional conviction could not be maintained unless the plaintiff demonstrated that the conviction had been reversed, expunged, or otherwise declared invalid) [*Id.* at 6]. Therefore, on April 29, 2016, the Court dismissed Plaintiff's complaint for the failure to state a claim upon which relief may be granted [*Id.*].

Plaintiff then appealed the dismissal of his claims to the Sixth Circuit. However, in his brief on appeal, Plaintiff also "presented documentation from the Sullivan County, Tennessee, Criminal Court that appears to demonstrate that a jury found him not guilty of the filing-a-false-report charge in February 2016, and, on April 29, 2016—the same day the district court dismissed his complaint—the trial court granted [Plaintiff's] request to be reinstated to probation and ordered that he be released from custody, effective immediately" [Doc. 47 at 2–3]. Therefore, the Sixth Circuit stated that because Plaintiff's claims "related to the validity of his conviction and imprisonment on the probation violation," and the Court was not previously aware that Plaintiff was found not guilty of the charge underlying his probation violation, "the district court should be the first to consider whether the information that has come to light offers [Plaintiff] any potential relief" [*Id.* at 3].

## II.   SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief or are against a defendant who is immune. *See Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999) ("Congress directed the federal courts to review or 'screen' certain complaints *sua sponte* and to dismiss those that failed to state a claim upon which relief could be granted [or] . . . sought monetary relief from a defendant immune from such relief."). The dismissal standard articulated by the Supreme Court

in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). However, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers,* 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere."). In other words, Plaintiff must plead facts sufficient to show: (1) the deprivation of a right, privilege, or immunity secured to him by the United States Constitution or other federal law; and (2) that the individual responsible for such deprivation was acting under color of state law. *Gregory v. Shelby Cty.*, 220 F.3d 433, 441 (6th Cir. 2000).

### III. ANALYSIS

#### A. Applicability of *Heck*

The Court previously held that Plaintiff's request for restitution for the alleged unconstitutional confinement was not ripe, and was barred by *Heck v. Humphrey*, 512 U.S. 477,

486–87 (1994) [Doc. 26 at 5]. Under *Heck,* a state prisoner may not bring a § 1983 suit for damages or equitable relief challenging his probation revocation until the revocation "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487; *see also Wilkinson v. Dotson,* 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *Corsetti v. McGinnis,* 97 F.3d 1451 (Table), 1996 WL 543684, at *1 (6th Cir. Sept. 24, 1996) (applying *Heck* in the context of a challenge to the revocation of probation).

However, Plaintiff has called into question the validity of the charge underlying his probation violation by demonstrating that he was found not guilty of the filing-a-false-report charge which resulted in the revocation of his probation. Therefore, *Heck* does not serve as a bar to Plaintiff's claims for damages challenging his probation revocation, and the Court will screen Plaintiff's various claims pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.

**B.  Improper Defendants**

At the outset, Plaintiff has brought suit against the State of Tennessee, a non-suable entity under § 1983 who is immune from suit pursuant to the Eleventh Amendment. *Quern v. Jordan*, 440 U.S. 332, 340–45 (1979); *Berndt v. Tennessee,* 796 F.2d 879, 881 (6th Cir. 1986). The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Further, the sovereign immunity

protected by the Eleventh Amendment also extends to claims for injunctive relief and other forms of equitable relief. *See Lawson v. Shelby Cty., Tenn.*, 211 F.3d 331, 335 (6th Cir. 2000) ("[T]he [Eleventh] Amendment prohibits suits against a 'state' in federal court whether for injunctive, declaratory or monetary relief."). The only exceptions to a State's immunity are: (1) if the State has consented to suit; or (2) if Congress has properly abrogated a State's immunity. *S & M Brands, Inc. v. Cooper,* 527 F.3d 500, 507 (6th Cir. 2008). Neither of these exceptions applies to § 1983 suits against the State of Tennessee. *See Hafer v. Melo,* 502 U.S. 21, 25 (1991) (reaffirming that Congress did not abrogate states' immunity when it passed § 1983); *Berndt v. Tennessee,* 796 F.2d 879, 881 (6th Cir. 1986) (noting that Tennessee has not waived immunity to suits under § 1983). Therefore, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983 against the State of Tennessee.

Additionally, Defendant Bristol, Tennessee Police Department is not a "person" subject to suit within the terms of § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 688–90 (finding that in a suit against a local government unit, only "bodies politic" are "persons" who are amenable to be sued under § 1983). The Sixth Circuit and courts in this district have previously held that a county police department is not an entity subject to suit under § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (holding that a county police department was not an entity which may be sued under § 1983); *Watson v. Grainger Cty. Sheriff's Dep't*, No. 3:16-cv-169, 2016 WL 1611119, at *2 (E.D. Tenn. Apr. 21, 2016) (holding "the Grainger County Sheriff's Department . . . is not a 'person' subject to suit" under § 1983). Thus, because the Bristol Police Department is not an entity that is subject to suit in a § 1983 action, Plaintiff fails to state a claim upon which relief may be granted against this Defendant.

Lastly, Plaintiff fails to allege the personal involvement of several Defendants, specifically Defendants Stills and Staubus. Additionally, Plaintiff's sole claims against the Sullivan County Sheriff are that the "judicial system in Sullivan County . . . is a bad joke" [Doc. 5 at 2]. A defendant's personal involvement in the deprivation of constitutional rights is required to establish their liability under § 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). Further, it is a basic pleading requirement that a plaintiff attribute factual allegations to particular defendants. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of constitutional rights). Generous construction of pro se complaints is not limitless; indeed, a court need not assume or conjure up claims that a pro se litigant has not pleaded. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). However, despite the fact that Plaintiff fails to allege the personal involvement of Defendants Stills, Staubus, or the Sullivan County Sheriff, the Court will address Plaintiff's substantive claims against these Defendants due to the illegible nature of Plaintiff's complaint.

    **C.    Due Process Claims**

Plaintiff claims that he was denied his right to a speedy trial, the right to testify on his own behalf, the right to call witnesses, and the right to effective counsel during his probation revocation hearing [Doc. 5 at 1]. In the context of a probation revocation hearing, due process requires that a defendant be afforded a hearing before the final decision on revocation is made. *See Black v. Romano*, 471 U.S. 606, 612 (1985). The hearing is intended to provide the probationer with the

"opportunity to be heard and show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation." *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972). A defendant must be given an opportunity to be heard in person, and to present witnesses and documentary evidence. *See Gagnon v. Scarpelli,* 411 U.S. 778, 782 (1973); Fed. R. Crim. P. 32.1(a)(2) (noting that during a revocation hearing, the probationer must be allowed to have counsel, given notice of the alleged charges, and allowed to present evidence).

Plaintiff brings suit against Judge Beck based upon his role in Plaintiff's probation revocation hearing [Doc. 5 at 1]. However, Plaintiff's claims against Judge Beck are barred by judicial immunity. Judges, in the performance of their judicial functions, are absolutely immune from civil liability. *See, e.g.*, *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991); *Stump v. Sparkman*, 435 U.S. 349, 363 (1978); *Bright v. Gallia Cty.*, 753 F.3d 639, 648–49 (6th Cir. 2014). Judicial immunity is abrogated only when a judge is not acting in a judicial capacity, or when the judge acts in the absence of all jurisdiction. *Mireles*, 502 U.S. at 11–12. Additionally, the doctrine of absolute judicial immunity protects judges from requests for injunctive relief as well as monetary damages. *See Kipen v. Lawson*, 57 F. App'x 691, 691 (6th Cir. 2003); *Newsome v. Merz,* 17 F. App'x 343, 345 (6th Cir. 2001)).

In the present case, Judge Beck is entitled to judicial immunity for Plaintiff's claims stemming from the probation revocation hearing. Judge Beck was acting in a judicial capacity during the probation revocation hearing. *See Mireles*, 502 U.S. at 11–12; *Humphrey-Fitts v. Duke*, No. 3:12-cv-877, 2012 WL 3991699, at *2 (M.D. Tenn. Sept. 11, 2012) (holding "the judge is absolutely immune" from plaintiff's claims regarding probation revocation hearing). Plaintiff has not alleged, and no facts exist in the complaint from which to infer, that the probation revocation

hearing which Judge Beck presided over lacked jurisdiction. *See Mireles*, 502 U.S. at 11–12. Therefore, Plaintiff's due process claims fail to state a claim for relief under § 1983.

### D.     False Arrest/False Imprisonment Claims

Plaintiff claims that he was illegally imprisoned on a charge "that everyone was [and] is aware of [his] absolute innocence . . . due to the issuance of a bogus police report . . . [and] falsified government documents" [Doc. 5 at 1]. Plaintiff alleges that Defendant Hess cannot provide a copy with Plaintiff's signature of the allegedly false report [*Id.* at 4]. The Court interprets Plaintiff's allegations as asserting that he was falsely arrested for the charge of filing of a false report, and then subsequently falsely imprisoned due to his probation being revoked.

Claims of false arrest and false imprisonment under § 1983 overlap, with false arrest being a subset of false imprisonment. *Wallace v. Kato,* 549 U.S. 384, 388 (2007). A false arrest claim requires a plaintiff to show that the underlying arrest lacked probable cause. *See, e.g., Brooks v. Rothe,* 577 F.3d 701, 706 (6th Cir. 2009) (stating for a wrongful arrest claim to succeed under § 1983, a plaintiff must prove that the police lacked probable cause); *Gumble v. Waterford Twp.*, 171 F. App'x 502, 507 (6th Cir. 2006) (quoting *Mark v. Furay,* 769 F.2d 1266, 1269 (7th Cir. 1985)) ("[T]he existence of probable cause for an arrest totally precludes any section 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution, regardless of whether the defendants had malicious motives for arresting the plaintiff.").

Generally, probable cause exists when the police have "reasonably trustworthy information . . . sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. Ohio,* 379 U.S. 89, 91 (1964). "Probable cause determinations involve an examination of all facts and circumstances within an officer's knowledge at the time of an arrest." *Estate of Dietrich v. Burrows,* 167 F.3d 1007, 1012 (6th Cir. 1999). "In general, the

existence of probable cause in a § 1983 action presents a jury question, unless there is only one reasonable determination possible." *Pyles v. Raisor,* 60 F.3d 1211, 1215 (6th Cir. 1995).

Where an arrest is made pursuant to a grand jury indictment, "the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer." *Radvansky v. City of Olmsted Falls,* 395 F.3d 291, 307 n.13 (6th Cir. 2005) (citing *Higgason v. Stephens,* 288 F.3d 868, 877 (6th Cir. 2002)). Nonetheless, an "after-the-fact grand jury involvement cannot serve to validate a prior arrest." *Id.* Additionally, an exception exists when a defendant "knowingly or recklessly present[s] false testimony to the grand jury to obtain the indictment." *Sanders v. Jones*, 845 F.3d 721, 731 (6th Cir. 2017) (citing *Webb v. U.S.*, 789 F.3d 647, 660 (6th Cir. 2015)).

However, the Sixth Circuit recently held that "even if independent evidence establishes probable cause against a suspect, it would still be unlawful for law-enforcement officers to fabricate evidence in order to strengthen the case against that suspect." *Webb v. United States*, 789 F.3d 647, 670 (6th Cir. 2015); *see, e.g.*, *King v. Harwood*, 852 F.3d 568, 587–88 (6th Cir. 2017) (holding that pre-indictment nontestimonial acts that were material to the prosecution of a plaintiff could rebut the presumption of probable cause established by an indictment if an officer acted "knowingly or recklessly" in making false statements that were material to the prosecution).

Plaintiff claims that he was indicted due to a "bogus police report, affidavit of complaint and arrest warrant" [Doc. 1 at 4]; *see also* [Doc. 5 at 2]. Additionally, Plaintiff alleges that Defendant Hess cannot provide a copy with Plaintiff's signature of the allegedly false report [Doc. 5 at 4]. However, Plaintiff fails to allege that any Defendant acted "knowingly or recklessly" in making false statements that were material to the prosecution. *See King*, 852 F.3d at 587–88 (citing *Webb*, 789 F.3d at 660). Allegations that give rise to a mere possibility that a plaintiff might later

10

establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

Plaintiff also fails to allege that any Defendant presented any testimony at all to the grand jury, let alone false testimony. Rather, Plaintiff's complaint alleges that the judicial system in Sullivan County "is a joke," and seemingly claims that the indictment was obtained as a result of "the issuance of a bogus police report" [Doc. 5 at 1]. Ultimately, Plaintiff's complaint "acknowledges that the grand jury found the existence of probable cause." *See Gonzalez v. Kovacs*, 686 F. App'x 466, 467 (6th Cir. 2017) (affirming the district court's dismissal of plaintiff's claims for false arrest and malicious prosecution); *see, e.g.*, *Smith v. Buttry*, 111 F. App'x 372, 374 (6th Cir. 2004) (holding the trial court properly found "[t]hat the criminal charges against [the plaintiff] were later dismissed does not expunge the original finding of probable cause by the grand jury"). Therefore, Plaintiff's false arrest and imprisonment claims fail to state a claim for relief under § 1983, as Plaintiff fails to allege that any Defendant made false statements that were material to the prosecution [Doc. 1 at 4]. *See, e.g.*, *King v. Harwood*, 852 F.3d 568, 587–88 (6th Cir. 2017).

### E. Malicious Prosecution Claims

Plaintiff claims that Defendants Parsons and Staubus destroyed exculpatory evidence, and that Defendant Parsons committed a *Brady* violation [Doc. 5 at 2]; *see Brady v. Maryland*, 373 U.S. 83 (1963) (holding that a prosecutor's withholding of exculpatory evidence violated the Fourteenth Amendment's Due Process Clause). Therefore, the Court construes Plaintiff's allegations as asserting malicious prosecution claims under the Fourth Amendment.

"The Sixth Circuit 'recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment,' which 'encompasses wrongful investigation, prosecution, conviction, and incarceration.'" *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (quoting *Barnes v. Wright*, 449 F.3d 709, 715–16 (6th Cir. 2006)). Ultimately, "[i]ndividuals have a clearly established Fourth Amendment right to be free from malicious prosecution." *King v. Harwood*, 852 F.3d 568, 582–83 (6th Cir. 2017). However, a malicious prosecution claim under § 1983 is not limited to the institution of proceedings, but also includes a claim for "continued detention without probable cause." *See Mills v. Barnard*, 869 F.3d 473, 480 (6th Cir. 2017) (citing *Sanders v. Jones*, 845 F.3d 721, 728 (6th Cir. 2017) (internal citation omitted)).

A plaintiff in a malicious prosecution case must prove four elements: "(1) a criminal prosecution was initiated against the plaintiff and the defendant made, influenced, or participated in the decision to prosecute; (2) there was a lack of probable cause for the criminal prosecution; (3) the plaintiff suffered a deprivation of liberty, as understood under Fourth Amendment jurisprudence, apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor." *King*, 852 F.3d at 580. Despite its name, "malicious prosecution" does not require a showing of malice, and "might more aptly be called 'unreasonable prosecutorial seizure.'" *Id.* (quoting *Sykes*, 625 F.3d at 310).

Similar to false arrest and imprisonment claims, a grand-jury indictment creates a presumption of probable cause in malicious prosecution cases. *See, e.g.*, *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002); *Barnes*, 449 F.3d at 716 (holding "the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause"). An exception to this rule exists where "'defendants knowingly present false

testimony to the grand jury' to obtain an indictment." *Bickerstaff v. Lucarelli*, 830 F.3d 388, 398 (6th Cir. 2016) (quoting *Martin v. Maurer*, 581 F. App'x 509, 511 (6th Cir. 2014)). Further, "[t]he existence of an indictment is . . . not a talisman that always wards off a malicious-prosecution claim." *Mills v. Barnard*, 869 F.3d 473, 480 (6th Cir. 2017). As the Court previously noted, "even if independent evidence establishes probable cause against a suspect, it would still be unlawful for law-enforcement officers to fabricate evidence in order to strengthen the case against that suspect." *Webb*, 789 F.3d at 670; *see, e.g.*, *King*, 852 F.3d at 587–88 (holding that pre-indictment nontestimonial acts that were material to the prosecution of a plaintiff could rebut the presumption of probable cause established by an indictment if an officer acted "knowingly or recklessly" in making false statements that were material to the prosecution).

In the present case, Plaintiff was indicted for the charge of filing a false police report, which constituted a probation violation [Doc. 47 at 1]. While this indictment creates a presumption of probable cause, Plaintiff claims that he was indicted due to a bogus police report, and that Defendant Hess cannot provide a copy with Plaintiff's signature [Doc. 5 at 1]. As the Court noted with respect to Plaintiff's false arrest claims, Plaintiff fails to allege that any Defendant acted "knowingly or recklessly" in making false statements that were material to the prosecution. *See King*, 852 F.3d at 587–88 (citing *Webb*, 789 F.3d at 660).

Further, Plaintiff's claims that Defendants Parsons and Staubus destroyed exculpatory evidence are speculative and conclusory, as he fails to allege what exculpatory evidence was withheld. It is well-established that conclusory allegations are insufficient to state a civil rights claim under § 1983. *See, e.g., Maldowan v. City of Warren*, 578 F.3d 351, 390–91 (6th Cir. 2009) (dismissing malicious prosecution claim where the plaintiff made only vague and conclusory allegations of false evidence); *Geeter v. Cooper*, No. 2:12–CV–15364, 2012 WL 6214419, at *2

13

(E.D. Mich. Dec. 12, 2012) (summarily dismissing Plaintiff's malicious prosecution claims as conclusory); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (holding formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief).

Lastly, Defendants Parson and Staubus, as prosecutors, are absolutely immune from suit for actions taken in initiating and pursuing criminal prosecutions because that conduct is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). "A prosecutor's decision to initiate a prosecution, including the decision to file a criminal complaint or seek an arrest warrant, is protected by absolute immunity." *Howell v. Sanders*, 668 F.3d 344, 351 (6th Cir. 2012). Further, prosecutors are absolutely immune from allegations of non-disclosure or suppression of exculpatory information. *Imbler*, 424 U.S. at 430–31 (holding absolute immunity protected a prosecutor from allegations that he used false testimony and suppressed material evidence in order to obtain a conviction); *see also Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) ("[P]rosecutors have absolute immunity from civil liability for the non-disclosure of exculpatory information at trial."). Ultimately, Plaintiff's malicious prosecution claims fail to state a claim for relief under § 1983.

## III. CONCLUSION

Although this Court is mindful that a pro se complaint is to be liberally construed, *Haines v Kerner*, 404 U.S. 519, 510–21 (1972), it is quite clear that Plaintiff has not alleged the deprivation of any constitutionally protected right, privilege, or immunity, and therefore, the Court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff's complaint [Doc. 1] and the present action will be **DISMISSED** *sua sponte* for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Finally, the Court **CERTIFIES** that any appeal from this

action would not be taken in good faith and would be totally frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE
